AGATON LARSON, Appellant, v. ANNA R. McKENDRY, Respondent.

(226 N. W. 640.)

Opinion filed August 16, 1929.

*C. F. Kelsch* (*Milton K. Higgins* on oral argument), for appellant.

*L. H. Connolly,* for respondent.

BURKE, Ch. J.   This is an action for the foreclosure of a mechanic's lien.   On November 22, 1923, the plaintiff submitted to the defendant a proposal or bid to build a house for the defendant in the city of Mandan.   The plaintiff claims that the defendant paid the plaintiff the contract price, with some extras, excepting the sum of $492, for which the plaintiff duly filed a lien for labor.   The defendant answers by way of counterclaim, claiming that plaintiff did not do his work properly in putting on the roof of the main building, sun parlor and breakfast room; that the roof on each leaked during rain storms causing injury to the interior finish; that the walls were improperly constructed and defective in that storm waters came through the walls and injured the interior finish.

The trial court found that the workmanship in putting on the roof on the main building, the breakfast room and the sun parlor was defective and unworkmanlike and that the plaintiff was responsible therefor; that the interior finish in practically all upstairs rooms was damaged requiring a re-finish; that by reason of the leaky condition of the roof over the sun parlor, the rain came through from the sun parlor down the walls of the living room and dining room; that the parts so damaged by said leaky condition cannot be repaired and refinished so as to harmonize with the remainder of the room and that an entire new finish upon all of the rooms so damaged is necessary; that it will cost the sum of $236 to redecorate and refinish the entire interior of said building; from which there should be deducted the sum of $20, the cost of redecorating the kitchen; leaving a balance of $216, to which the defendant is entitled upon a counterclaim which is an offset against the amount due.   The trial court deducted the sum of $216 from the plaintiff's claim and ordered judgment for the plaintiff for the sum of $276, with interest and costs and for the foreclosure of his labor lien upon the premises, and the plaintiff appeals from that part of the judgment only, which allows said defendant dam-

ages upon her counterclaim in the sum of $216, and demands a trial anew of that part of the judgment specifically appealed from.

The only question then involved is upon the counterclaim of the defendant. In specifications of error 1 and 2, it is the contention of appellant that findings of fact Nos. 4 and 5, relating to the unworkmanlike manner in the construction of the roof on the main building, the sun parlor and breakfast room and the resulting damages are not supported by the evidence. We have examined the record very carefully and are of the opinion that the evidence does sustain the findings of the court and that there is no merit in this contention.

Appellant specifies as errors of law, the overruling of objections to the admission of testimony, as follows:

"Q. Was there anything said about the roof? A. Yes. . . . He was the contractor and he was to put on a roof that was economical to build, he planned the roof and I did not, a flat roof, I asked him if it would leak. 'No a new one is not supposed to,' he says, 'those roofs won't leak.'

"Mr. Kelsch: I move to strike out that testimony upon all the grounds stated in my objection. . . ."

Now the objection he refers to is as follows:

"Now the plaintiff objects, your Honor, on the ground that any oral statements are incompetent, inadmissible, in that (1) all of the oral arrangements or agreements are presumed to be included and superseded by Exhibit 'C.' (2) That such oral statements and representations would tend to vary and impeach a contract or written instrument which is complete in itself. (3) That no proper foundation has been laid for introduction of any evidence of any parol agreement. (4) That there is no foundation in the pleadings, your Honor, for such evidence in that the pleading itself, the answer, paragraph 2 of the counterclaim, alleges that the said building was to be constructed in accordance with plans exhibited by plaintiff to the defendant. There is no allegation in the answer or counterclaim of any independent, separate oral agreement."

This same objection is urged to all of the testimony of the defendant relating to the counterclaim. The purported agreement, referred to as Exhibit "C" is a proposal or bid submitted to the defendant, by the plaintiff, as follows:

"Mandan, North Dakota, Nov. 22, 1923.

"Mr. F. W. McKendry, City.

"Dear Sir:

"I herewith submit my bid for building 25x33 Brick Residence. Sun Parlor 14–4x10–6. Garage 10–0x16–0. Breakfast nook 7–0x 6–0. Outside measure as per plans submitted. Oak finish and floor first floor except kitchen, rear hall and breakfast nook, fir trim and maple floors second floor and kitchen.

"Floor joists 2x6. Ceiling joists 2x6, 16 in. center. Rafters 2x4. Flip rafters 2x6. Floor and roof lining #4 com. boards. Cornice 24″ on house and 14 in. on balance of additions. Shingle roof. Shing- felt under shingles. Plaster. Hardwall plaster. Float finish. For trowel finish add 5 cents per yard.

"Brick for outside is figured at $27.00 f. o. b. Mandan. Built in furniture as per plan and finish in room where placed. Tile floor in Bathroom and entrance. Building complete except Painting, Plumb- ing, Heating and Wiring for $6,900. For immediate acceptance only.

"Respectfully submitted,

"Agaton Larson."

The counterclaim states what the agreement was, but it is not al- leged whether it was oral or in writing. It is clear that the writing is not the whole agreement and the testimony that was offered does not in any way change or vary the terms of Exhibit "C." In relation to the condition of the walls, the witnesses testified to what was in plain sight and it is undisputed that the walls were badly damaged, that it was necessary to redecorate the whole house upstairs and down, and the foundation was laid for the testimony of the witnesses who testified as to the cost of redecorating by showing that they were ex- perienced in that line of work.

At the close of the case appellant moved to dismiss defendant's coun- terclaim on the same grounds urged in his objection to the testimony, which was overruled, and which ruling is assigned as error. As we have already held that the evidence was competent there was no error in overruling the motion. The judgment of the trial court is affirmed.

NUESSLE, BURR, BIRDZELL, and CHRISTIANSON, JJ., concur.